Tompkins, J.,
delivered the opinion of the Court.
Bartlett sued McDaniel before a Justice of the Peace and obtained a judgment. In the Circuit Court, to which McDaniel had appealed, the judgment of the Justice was reversed and the cause dismissed, and to reverse this judgment Bartlett prosecutes his suit here by writ of error.
The action before the Justice was for damages sustained by plaintiff, by reason of a trespass charged to have been committed by the defendant, by castrating the plaintiff’s hull. In the fifth section of the act to establish Justices’ Courts, &c., it is required that in all suits a brief statement of the cause of action, and the amount •claimed, shall be made in writing and filed With the Justice, and the same or a copy annexed to the summons; and that the service thereof shall be by reading the original summons, and the complaint or statement annexed thereto in the hearing of the defendant. The plaintiff filed with the Justice a sufficient statement of his cause of *41 ¿action, and the summons of the Justice required the defendant to answer unto Robert B. Bartlett in an action of trespass vi el armis for castrating a hull, damageá forty-five dollars. It does not appear that a statement of the cause of action was .either annexed to the summons or read to the defendant. The defendant appeared before the Justice and defended.
It is contended by the plaintiff:
First. That the defendant attended before the Justice of the Peace and defended, .and thereby waived all exceptions.
Second. That the notice of his complaint being substantially incorporated in the summons, it was not material that the statement required by the act should he .annexed to the summons, and read to the defendant.
First. It is true that if there has been an imperfect return of the service of a summons and the defendant appears and defends, he by such act waives the want of notice of the commencement of the plaintiff’s action; and this is all the plaintiff’s authorities prove: but when was it ever known that appearance to an action and defence in such action, cured a material defect in a declaration ? If a defect in a declaration could not then he cured, much less could the want of a declaration be cured. The brief statement of the cause of action is the act of the plaintiff: the defendant is entitled to have such statement to assure him of the nature and extent of (lie plaintiff’s demand. It is not enough that the Justice has in his summons informed the defendant of the plaintiff’s demand. We have no evidence on the record, that the plaintiff’s declaration was seen by the defendant on the trial. The plea which the defendant might in a Court of record baye filed, would be evidence against him, that he had seen the declaration, if it appeared that one had been filed. In this case it appears from the Constable’s return, that the plaintiff’s statement of the cause of .action was not read to the defendant, and it no where appears or can appear in a regular course of proceedings of the Justice’s Court, that the defendant defended against the demand of the plaintiff made in his statement filed.
The second point is decided by the foregoing view and decision.of the first.
The judgment of the Circuit-.Court is, therefore, affirmed.
M’Girk, C. J., dissenting.